UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL L. CHASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00427-GZS |
| | ) | |
| LEIGH I. SAUFLEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTIONS FOR INJUNCTIVE RELIEF**

This matter is before the Court on Plaintiff's motion for permanent injunction and/or restraining order (ECF No. 15), Plaintiff's motion for writ of mandamus (ECF No. 17), Plaintiff's motion for permanent restraining order (ECF No. 19), and Plaintiff's motion for emergency injunction. (ECF No. 25.)

Through the motions, Plaintiff essentially asks the Court to enjoin defendants and the State of Maine from enforcing certain laws, including Maine's motor vehicle laws. In support of his motions, Plaintiff contends that the Maine state courts either lack the requisite authority or have acted beyond the courts' authority.

I recommend the Court deny the motions.

**Discussion**

When evaluating a request for injunctive relief, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if

enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff has failed to provide any record evidence or persuasive legal authority to suggest that he is likely to prevail on the claims he asserts in this matter. Accordingly, Plaintiff is not entitled to the injunctive relief he seeks.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motions for injunctive relief. (ECF Nos. 15, 17, 19 and 25.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
Dated this 30th day of January, 2018.    U.S. Magistrate Judge