UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL L. CHASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00427-GZS |
| | ) | |
| LEIGH I. SAUFLEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS

In this action, Plaintiff Daniel Chase alleges that Defendants[1] violated his constitutional rights and the Americans with Disabilities Act when the Supreme Judicial Court, sitting as the Law Court, affirmed the trial court's finding that Plaintiff committed a traffic infraction (operating a motor vehicle with an expired registration). (Complaint, ECF No. 1; Motion to Amend, ECF No. 33.)

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 21.) Through their motion, Defendants argue the Court is without subject matter jurisdiction to review the Law Court's decision, and that Plaintiff has failed to state an actionable claim for relief under the Civil Rights Act, 42 U.S.C. § 1983, or the Americans with Disabilities Act, 42 U.S.C. § 12132. Evidently in response to the motion to dismiss, Plaintiff filed a motion to amend his complaint, which motion the Court granted. (Order, ECF No. 47.)

---

[1] Plaintiff named as defendants the State of Maine, and the Chief Justice and the Associate Justices of the Maine Supreme Judicial Court.

Following a review of the motion and the record, I recommend the Court grant Defendants' motion.

**Background Facts**

In the context of a motion to dismiss asserted under Federal Rule of Civil Procedure 12(b), it is appropriate for the court to review not only a plaintiff's allegations, but also facts "gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). The facts in this case are derived from Plaintiff's complaint, Plaintiff's motion to amend, and the Law Court's opinion in the matter of *State v. Chase*, 2017 ME 43, 157 A.3d 1291.

On April 29, 2016, after a bench trial, the Maine District Court entered judgment against Plaintiff on a charge that he failed to register a motor vehicle, in violation of 29-A M.R.S. § 351(1)(A). During the proceedings, the trial court denied Plaintiff's request for a jury trial, an interpreter or attorney who could explain the applicable rules of procedure, and/or a revised version of the applicable rules of procedure. The court, however, provided Plaintiff with transcription services to help him follow the proceedings. *State v. Chase*, 2017 ME 43, ¶¶ 2 – 4, 157 A.3d at 1291 – 92. At the trial, Plaintiff conceded that his motor vehicle was not registered; the court adjudicated the charge in favor of the state and imposed a fine. *Id.* ¶ 4.

Plaintiff appealed from the District Court's judgment. On appeal, the Law Court rejected Plaintiff's contentions that he was entitled to a jury trial, to a revised version of the Maine Rules of Court, to the appointment of counsel, and/or to an interpreter to explain

the Maine Rules of Court to him. *Id.* ¶¶ 5 – 6. In addition, the Court held that the accommodation provided by the District Court was sufficient under the circumstances. *Id.* ¶ 6 ("We also discern no error in the court's handling of Chase's various requests for accommodation for his claimed disabilities.").

In this case, Plaintiff contends that Defendants violated his constitutional rights and the Americans with Disabilities Act when they held that he was not entitled to a jury trial, the appointment of counsel, or any of the special accommodations he requested but did not receive. *Id.* ¶ 5. Plaintiff alleges that because of his learning disabilities, he finds the Maine Rules of Court to be "unreadable," and asserts that the transcription services provided by the trial court were not helpful. (Complaint at 3.)

**Discussion**

Defendants contend that this Court is without jurisdiction to review the Law Court's decision, and that Plaintiff has failed to allege facts that would support a claim for the violation of a federal right. (Motion to Dismiss at 1 – 2.)

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant in a civil action may file a motion to dismiss based on the assertion that the court lacks jurisdiction to consider the subject matter of the plaintiff's action. When a defendant moves to dismiss an action on the ground that the court lacks jurisdiction over the subject matter, the plaintiff has the burden "to prove the existence of subject matter

jurisdiction." *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). If the court concludes it does not have subject matter jurisdiction, the court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## A. The *Rooker-Feldman* Doctrine

Defendants argue that this Court is without jurisdiction based on the *Rooker-Feldman* doctrine.[2] Because the doctrine is jurisdictional, Defendants' argument arises under Rule 12(b)(1). *Badillo-Santiago v. Naveira-Merly*, 378 F.3d 1, 7 (1st Cir. 2004).

Federal district courts do not have jurisdiction to act as an appellate court to review the rulings of state courts. The only federal court with such authority is the United States Supreme Court. *Silva v. Massachusetts*, 351 F. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam))); *see also Lance,* 546 U.S. at 460 ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005))).

The First Circuit recently reiterated the scope and significance of the *Rooker-Feldman* doctrine, and its reasoning is instructive in this case. In *McKenna v. Curtin*, 869 F.3d 44 (1st Cir. 2017), the First Circuit, relying on the *Rooker-Feldman* doctrine, affirmed

---

[2] The *Rooker-Feldman* doctrine takes its name from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

4

the dismissal of the plaintiff's claim that the proceedings that resulted in a state court order suspending him from the practice of law violated his rights under the First, Seventh, and Fourteenth Amendments to the United States Constitution. The First Circuit reasoned that because the plaintiff complained of harm arising from a state court order, and asked the federal district court "to countermand that order," his claim was "precisely the 'functional equivalent of an appeal' that the *Rooker-Feldman* doctrine forbids." *Id.* at 48 (quoting *Badillo-Santiago*, 378 F.3d at 6). The First Circuit also concluded that the plaintiff's claims did not constitute a challenge on behalf of the public for declaratory relief regarding the constitutionality of state court proceedings, because "all of the allegations in his complaint concern the constitutionality of the rules as applied to him." *Id.* (emphasis in original).

Here, given that Plaintiff is specifically challenging the Law Court's conclusions regarding the legality of state court proceedings, as applied to him, as in *McKenna*, Plaintiff's claim is the "functional equivalent of an appeal." Accordingly, the Court is without jurisdiction to consider the Plaintiff's claim for relief.

**B. Section 1983 and the State of Maine**

In addition to the jurisdictional obstacle presented by the *Rooker-Feldman* doctrine, to the extent Plaintiff asserts his claim against the State of Maine, the Maine Supreme Judicial Court, and the Chief Justice and Associate Justices of the Maine Supreme Judicial Court acting in their official capacities,[3] the defendants are not persons subject to federal

---

[3] Plaintiff's pleadings do not assert personal capacity claims, and such claims would in any event be precluded by judicial immunity. "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978).

5

court jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, and the Eleventh Amendment bars any such claim from proceeding against the defendants in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009); *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003).

## Conclusion

Based on the foregoing analysis, I recommend the Court grant Defendants' Motion to Dismiss.[4] (ECF No. 21)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of February, 2018.

---

[4] The immunity afforded by the Eleventh Amendment also might bar Plaintiff's ADA claim. *Buchanan v. Maine*, 469 F.3d 158, 171 – 72 (1st Cir. 2006). The Court, however, need not reach the issue because of the *Rooker-Feldman* doctrine. Furthermore, even if Plaintiff could overcome the jurisdictional and immunity impediments, the record establishes that Plaintiff received a hearing at which he had the opportunity to present his various legal challenges to the motor vehicle violation, that he conceded that his motor vehicle was not registered, and that all of his legal challenges were found to lack merit. Plaintiff has not alleged any facts that would support the necessary finding that he was denied any benefit of state court judicial proceedings because of his alleged disability. Accordingly, Plaintiff has not alleged an actionable claim under Title II of the ADA. *Id.* at 170 – 71 ("To prevail on a Title II claim, a plaintiff must demonstrate [inter alia] 'that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against ….'" (quoting *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000)).